UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY GERLINGER, individually, on behalf of all others similarly situated, and on behalf of the California general public,<br><br>    Plaintiff,<br><br>  v.<br><br>AMAZON.COM, INC.; BORDERS GROUP, INC.; BORDERS ONLINE, LLC; and BORDERS ONLINE, INC.,<br><br>    Defendants. | No. C 02-05238 MHP<br><br>**MEMORANDUM AND ORDER**<br>**Re: Motion to Dismiss** |

    Plaintiff Gary Gerlinger challenges an agreement between defendants Amazon.com, Inc. and Borders Online, LLC as violating federal and California antitrust laws, the California unfair competition law and the common law of unjust enrichment. Defendants moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), or in the alternative for summary judgment under Rule 56. This court granted defendants' motion in part on March 23, 2004 and requested additional briefing confined to the question of whether plaintiff has proffered evidence sufficient to establish antitrust standing. The parties timely submitted the additional briefing. Having considered the parties' arguments and submissions, and for the reasons set forth below, the court rules as follows.

BACKGROUND[1]

Plaintiff is a consumer who purchases books online and who "purchased books directly from at least one of the [d]efendants." FAC ¶ 10. Defendants sell books online. Prior to April, 2001, Amazon and Borders operated two separate online storefronts. In April, 2001, defendants entered into a "Syndicated Store" agreement (the "Agreement") under which Amazon and Borders agreed to jointly relaunch www.borders.com as a co-branded website, hosted by Amazon. The Agreement provides that www.borders.com will be operated by Amazon and that Amazon will provide the inventory fulfillment, customer service and site content for the new co-branded website. Under the Agreement, Amazon.com unilaterally determines the selection of products offered, the terms of sale and the prices for the books sold on the web site except for those books available for in-store pickup at a Borders brick-and-mortar store. Borders sets the price for books that are purchased online but will be picked up in its stores. Wilhelm Dec. ¶ 13. Amazon is the actual seller of the books sold on the website and accordingly retains proceeds for those sales. Borders paid Amazon a one-time fee for creating the website, and Borders receives a commission on each sale.

Plaintiff alleges that the agreement violates federal and California antitrust laws, and that he has suffered injury as a result.

DISCUSSION

I.     Plaintiff's Antitrust Claims

In order to pursue a claim for violation of federal or California antitrust law, plaintiff must meet the requirements for "antitrust standing." Glen Holly Entm't, Inc. v. Tektronix Inc., 352 F.3d 367, 371 (9th Cir. 2003); Kolling v. Dow Jones & Co., 137 Cal. App. 3d 709 723 (1982). Antitrust standing in the Ninth Circuit has five elements: "(1) unlawful conduct, *(2) causing an injury to the plaintiff*, (3) that flows from that which makes the conduct unlawful, and (4) that is of the type the antitrust laws were intended to prevent[, as well as a requirement (5)] that the injured party be a participant in the same market as the alleged malefactors." Glen Holly Entm't, 352 F.3d at 372 (emphasis added; internal quotations and citations omitted). Antitrust standing under California law also requires some actual injury that is "the type of injury the antitrust laws were intended to prevent,

and which flows from the invidious conduct which renders defendants' acts unlawful." Kolling, 137 Cal. App. 3d at 723. The court's analysis will focus on whether plaintiff has adequately established that he suffered an actual injury.

Plaintiff brings this lawsuit as a consumer, not as a competitor of Amazon or Borders. As a consumer, plaintiff alleges generally that he paid supracompetitive prices for books as a result of the Agreement. The complaint, however, fails to describe any actual instances of paying increased prices. The court noted this deficiency in ruling on defendants' motion for judgment on the pleadings or summary judgment:

> Plaintiff has adduced no evidence that, but for Section 4.3 [of the Agreement] Amazon would have lowered its prices but did not do so because it would have been obligated to list the lower prices on both the Borders.com website and the Amazon.com website. In contrast, Amazon.com has introduced evidence that despite Section 4.3 of the Agreement, Amazon.com has lowered prices five times since July 2001.

Memorandum & Order, No. C 02-05238, slip op. at 5 (N.D. Cal. Mar. 23, 2004).

Plaintiff's supplemental briefing and accompanying declaration do nothing to fill this gap. There is simply no discussion of any specific instance of plaintiff paying a higher price for a book after the defendants entered into the Agreement than plaintiff would have paid absent the Agreement. Instead, plaintiff offers three arguments in support of standing.

First, plaintiff cites Glen Holly Entertainment for the proposition that he is not required to prove any actual financial injury. In Glen Holly Entertainment, plaintiff was a business that offered film editing services and leased film editing equipment to film companies. 352 F.3d at 369. Only two companies manufactured the type of film editing equipment required by plaintiff; plaintiff used the editing equipment made by the smaller of the two manufacturers. Id. at 368–69. The smaller manufacturer then entered into an agreement with the larger manufacturer whereby it would cease making its video editing equipment and become a reseller for the larger manufacturer's equipment. Id. at 369. In addition, the smaller company agreed not to sell any equipment to rental companies such as the plaintiff. Id. As a result, plaintiff was unable to obtain support for its existing inventory

3

of editing equipment or to obtain replacement equipment. Id. at 370. Plaintiff eventually went out of business. Id. The Ninth Circuit held that the agreement between the two manufacturers prevented plaintiff from having access to any "viable choice between market alternatives" and concluded that plaintiff had antitrust standing. Id. at 374.

According to plaintiff, Glen Holly Entertainment suggests that plaintiff can establish standing simply by alleging a reduction in market choice. In Glen Holly Entertainment, however, there was no dispute as to whether the plaintiff had suffered an "injury" as required by the second factor for standing; plaintiff had gone out of business as a result of the agreement, which rendered its inventory of film editing equipment worthless. Id. at 372–73. Rather, the court considered whether the injury was "of the type the antitrust laws were intended to prevent"—the fourth factor. Id. at 373. As reduction in competition is the sort of harm falling under the purview of the antitrust laws, plaintiff had standing. Id. at 374. Nothing in Glen Holly Entertainment relieves plaintiff from his burden of showing some actual economic damage flowing from the Agreement.

Second, plaintiff argues that the online market for book sales is distinct from the brick-and-mortar market for book sales. Regardless of how the market is defined, however, if plaintiff did not suffer any economic loss as a result of the Agreement, plaintiff lacks standing.

Third, plaintiff argues that one of the expert studies attached to its papers, the 2002 study entitled "Measuring Prices and Price Competition Online: Amazon and Barnes and Noble," suggests that Amazon's prices did in fact go up following the execution of the Agreement. See Kolbe Dec., Exh. 8. Even assuming this is true as a general statement—a point disputed not only by defendants, but by the author of the cited study (see Goolsbee Dec. ¶¶ 11–15) —a general allegation that some prices increased does not satisfy the requirement that plaintiff allege some personal injury. Plaintiff has completely failed in this respect and therefore lacks standing to bring the antitrust claims.

The question remains whether plaintiff should be granted leave to amend his complaint. Plaintiff has now had two separate opportunities to put forward some evidence that he paid a higher price for any book following the agreement than he would have paid absent the agreement, and has failed to do so. Plaintiff also does not dispute that Amazon's "marketplace" sellers—independent retailers whose books are also listed on Amazon's website—frequently sell at prices that are

4

substantially lower than the prices charged by Amazon. Without any evidence of an increase in Amazon's prices, and with undisputed evidence of plaintiff's ability to purchase books at lower prices, the court has no reason to believe that plaintiff will be able to overcome the burden of showing actual harm through amendment. Leave to amend is therefore denied and the antitrust claims are dismissed with prejudice.

II.     Plaintiff's Unfair Competition Claim

Plaintiff has alleged no specific harm, such as an instance of paying a higher price, facing reduced selection, or experiencing a decrease in service. Thus, in addition to failing to establish antitrust standing, plaintiff has failed to establish Article III standing, which requires an injury in fact, with respect to his claim under California's Unfair Competition Law ("UCL"). See, e.g., Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992). Whether plaintiff's claim may be brought in *any* court is a question currently under review by the California Supreme Court; on November 2, 2004, "the California electorate voted in favor of Proposition 64, which amended the UCL such that a private plaintiff would have standing only if it 'has suffered injury in fact and has lost money or property as a result [of such unfair competition].'" Uyeda v. J.A. Cambece Law Office, P.C., No. C 04-04312, 2005 WL 1168421, at *5 (N.D. Cal. May 16, 2005) (Ware, J.). Various panels of the California Court of Appeal have reached conflicting conclusions as to whether the change to the law is to be applied retroactively to pending lawsuits, and the California Supreme Court has granted review. See, e.g., Californians for Disability Rights v. Mervyn's, LLC, 24 Cal. Rptr. 3d 301 (Cal. App.), review granted and opinion superseded by 110 P.3d 1216 (2005).

Regardless of how the California Supreme Court rules, however, for plaintiff to bring his UCL claim in federal court he must establish some injury in fact. He has failed to do so, and his UCL claim is dismissed without prejudice.

CONCLUSION

For the above reasons the court hereby GRANTS defendants' motion to dismiss plaintiff's antitrust claims with prejudice and GRANTS defendants' motion to dismiss plaintiff's unfair competition claim without prejudice. The clerk shall close the file.

IT IS SO ORDERED.

Date: October 31, 2005

_____
MARILYN HALL PATEL
United States District Court Judge
Northern District of California

ENDNOTES

1. Unless otherwise noted, background facts are taken from plaintiff's First Amended Complaint.